UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GDS INDUSTRIES, INC., A California Corporation,<br><br>                              Plaintiff,<br><br>v.<br><br>GREAT AMERICAN INSURANCE COMPANY, A Surety; DOES 1 through 100,<br><br>                             Defendant. | Case No.:  16-CV-1506-AJB-BLM<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)**<br><br>(Doc. No. 12) |

Presently before the Court is Plaintiff GDS Industries, Inc.'s ("Plaintiff") motion to dismiss brought pursuant to Federal Rule of Civil Procedure 41(a). (Doc. No. 12.) Defendant Great American Insurance Co. ("Defendant") opposes the motion. (Doc. No. 14.) Having reviewed the parties' moving papers and controlling legal authority, and pursuant to Local Civil Rule 7.1.d.1, the Court finds the matter suitable for decision on the papers and without oral argument. Accordingly, the hearing date currently set for ***December 22, 2016, at 2:00 p.m. in Courtroom 3B*** is hereby **VACATED**. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion.

# BACKGROUND

This dispute arises from nonpayment for materials, equipment, and services Plaintiff rendered to nonparty Rodeway Engineering Works, Inc. ("Rodeway").[1] (Doc. No. 1-2 ¶¶ 8–13, 18.) Defendant is a surety company that duly made, executed, and filed a payment and performance bond whereby Defendant guaranteed to pay in the event Rodeway failed to do so. (*Id.* ¶¶ 20–21.) Plaintiff asserts it submitted a formal bond claim to Defendant on February 9, 2016, and Defendant ultimately denied Plaintiff's request "in bad faith and without following standard claims handling practices" on April 7, 2016. (*Id.* ¶ 23.)

Plaintiff instituted this lawsuit in San Diego Superior Court on May 10, 2016. (Doc No. 1 ¶ 1; *see* Doc. No. 1-2.) On June 15, 2016, Defendant answered the complaint in state court. (Doc. No. 1 ¶ 3; *see* Doc. No. 1-4.) Defendant subsequently removed the action to this Court the following day. (Doc. No. 1 at 2.) Plaintiff filed the instant motion to voluntarily dismiss the action pursuant to Federal Rule of Civil Procedure 41(a)[2] on September 22, 2016. (Doc. No. 12.) Defendant filed an opposition to the motion, (Doc. No. 14), and Plaintiff filed a reply, (Doc. No. 15). This order follows.

# LEGAL STANDARD

Rule 41(a)(1) permits the plaintiff to voluntarily dismiss an action without court order by either filing a notice of dismissal before the opposing party has served an answer or motion for summary judgment, or a stipulation of dismissal by all parties who have appeared. Where dismissal under Rule 41(a)(1) is unavailable, Rule 41(a)(2) permits an action to be "dismissed at the plaintiff's request" by court order on terms the court considers proper. Fed. R. Civ. P. 41(a)(2).

The decision to grant or deny a request to dismiss pursuant to Rule 41(a)(2) is within the district court's sound discretion. *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th

---

[1] Rodeway is not a party to this action because it has declared bankruptcy. (Doc. No. 1-2 ¶ 2; Doc. No. 12-1 at 1.)

[2] All references to "Rule" are to the Federal Rules of Civil Procedure.

Cir. 1980). However, "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001).

The Ninth Circuit has held that "legal prejudice" means "prejudice to some legal interest, some legal claim, [or] some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). This inquiry focuses on "the rights and defenses available to a defendant in future litigation." *Id.* For example, legal prejudice may result when a dismissal without prejudice "would result in the loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense." *Id.* A defendant may also suffer plain legal prejudice if dismissal without prejudice prevents it from bringing a motion for attorneys' fees as a prevailing party given that "dismissal without prejudice precludes prevailing party status." *United States v. Ito*, 472 F. App'x 841, 842 (9th Cir. 2012) (citing *Cadkin v. Loose*, 569 F.3d 1142, 1149 (9th Cir. 2009); *Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d 978, 981 (9th Cir. 2008)). A district court may also consider such factors as the stage of litigation, the moving party's delay in requesting voluntary dismissal, and indications of forum shopping. *See Cent. Mont. Rail v. BNSF Ry. Co.*, 422 F. App'x 636, 638 (9th Cir. 2011).

Legal prejudice is not, however, established "because a dispute remains unresolved" or by the mere "threat of future litigation." *Westlands Water Dist.*, 100 F.3d at 96–97; *see also Hyde & Drath v. Baker*, 24 F.3d 1162, 1169 (9th Cir. 1994) ("The inconvenience of defending another lawsuit or the fact that the defendant has already begun trial preparations does not constitute prejudice."). Neither is legal prejudice present simply because the plaintiff "gains some tactical advantage." *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982).

Nor does "the expense incurred in defending against a lawsuit . . . amount to legal prejudice," notably because dismissal without prejudice may be conditioned "upon the payment of appropriate costs and attorney fees." *Westlands Water Dist.*, 100 F.3d at 97. Still, "[i]mposition of costs and fees as a condition for dismissing without prejudice is not

mandatory[.]" *Id.*; *see Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (holding district court did not abuse discretion in refusing to require payment of costs and attorney's fees).

By order, a district court may dismiss an action with prejudice on a motion for voluntary dismissal under Rule 41(a)(2). *Smith*, 263 F.3d at 976; *see* Fed. R. Civ. P. 41(a)(2) ("*Unless the order states otherwise*, a dismissal under this paragraph (2) is without prejudice." (emphasis added)). "Attorneys' fees and costs will not be imposed as a condition for voluntary dismissal with prejudice because there is no risk of future litigation." *Larsen v. King Arthur Flour Co.*, No. C 11-05495 CRB, 2012 WL 2590386, at *1 (N.D. Cal. July 3, 2012) (citing *Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993)); *see also Gonzalez v. Proctor & Gamble Co.*, No. 06cv869 WQH (WMc), 2008 WL 612746, at *3 (S.D. Cal. Mar. 4, 2008) ("An award of costs and attorneys' fees should generally be denied if the voluntary dismissal is granted with prejudice[.]").

## DISCUSSION

Plaintiff first states it may dismiss this action pursuant to Rule 41(a)(1)(A)(i). As stated above, that section permits a plaintiff to dismiss an action without court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Fed. R. Civ. P. 41(a)(1)(A)(i). Here, Plaintiff asserts that because Defendant only filed its answer in state court before removing the action to federal court, Plaintiff may invoke Rule 41(a)(1)(A)(i). Not so. Rule 81(c)(2) provides that "[a]fter removal, repleading is unnecessary unless the court orders it." Fed. R. Civ. P. 81(c)(2). Accordingly, Defendant's state court answer, (Doc. No. 1-4), is sufficient to bar voluntary dismissal under Rule 41(a)(1)(A)(i).

Alternatively, Plaintiff asks the Court to dismiss this action under Rule 41(a)(2). Plaintiff asserts dismissal without prejudice and conditions is appropriate because of the early stage of litigation, this action having been filed only a few months ago; Plaintiff sought dismissal within weeks of reviewing Caltrans documents that weakened Plaintiff's case; and there is no risk that Defendant will incur duplicative expenses because Plaintiff

has no intention of refiling this lawsuit and has even offered to dismiss this action with prejudice. (Doc. No. 12-1 at 5.) In response, Defendant asserts Plaintiff knew its lawsuit was time-barred before filing the operative complaint and only filed the instant motion when informed that Defendant intended to file a case-dispositive motion. (Doc. No. 14 at 5.) Accordingly, Defendant asks that if the Court is inclined to dismiss this action, it must do so with prejudice. (*Id.*)

The Court agrees that Plaintiff's request for dismissal should be granted. This case is in the very early stages of litigation, having been filed a mere four months prior to Plaintiff's motion. Little discovery has been conducted, and while Defendant represents it intended to file a case-dispositive motion, a review of the docket reflects that no such motion practice has occurred. *See Smith*, 263 F.3d at 976 (finding "no fault with the district court's reasoning" and dismissal of claims with prejudice where the district court "stressed that [defendant] could not argue high litigation costs because discovery had not begun, it had not commenced trial preparations, and no motions challenging the merits of this case had come before the court").

However, the Court finds that dismissal without prejudice would constitute legal prejudice to Defendant in that Defendant would be prevented from bringing a motion for attorneys' fees as a prevailing party under California Civil Code section 9564. *See* Cal. Civ. Code § 9564(c) ("In an action to enforce the liability on the bond, the court *shall* award the prevailing party a reasonable attorney's fee." (emphasis added)); *Ito*, 472 F. App'x at 842 (finding district court abused its discretion in dismissing action without prejudice because defendants were precluded by the dismissal from bringing a motion for attorney's fees). In light of the foregoing, the Court **GRANTS** Plaintiff's motion and **DISMISSES** this action **WITH PREJUDICE**. The Court exercises its discretion and declines to award fees and costs as a condition of dismissal. *Gonzalez*, 2008 WL 612746, at *3 ("An award of costs and attorneys' fees should generally be denied if the voluntary dismissal is granted

//

//

with prejudice."). This order, however, does not preclude Defendant from bringing a properly noticed and supported motion for attorney's fees.[3] [4]

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's motion to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(2). (Doc. No. 12.) The Court **DISMISSES** this action **WITH PREJUDICE**. The Court exercises its discretion and declines to award fees and costs as a result of this dismissal.

**IT IS SO ORDERED.**

Dated:  November 29, 2016

Hon. Anthony J. Battaglia
United States District Judge

---

[3] Defendant cites to California Rule of Court 3.1702 as the rule setting forth the timeframe within which a motion for attorney's fees may be brought. (Doc. No. 14 at 7.) The Court reminds Defendant that it removed this case to federal court, and while the Court must look to state substantive law in diversity cases, federal procedural rules govern. *See Hanna v. Plumer*, 380 U.S. 460, 465 (1965) ("federal courts are to apply state substantive law and federal procedural law" (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938))). Accordingly, Rule 54 governs any motion for attorney's fees Defendant may wish to bring. *See* Fed. R. Civ. P. 54(d)(2)(B)(i) ("Unless a statute or a court order provides otherwise, the motion must . . . be filed no later than 14 days after the entry of judgment[.]")

[4] Plaintiff asks the Court to hold at this time that no prevailing party exists. (Doc. No. 15 at 3–4.) While the Court is cognizant that this case is in the early stages of litigation and Plaintiff brought its motion within weeks of reviewing newly released Caltrans documents, the Court feels it more appropriate to rule on the prevailing party issue following full briefing on the issue. The Court also reminds Plaintiff that "expenses incurred in defending the litigation . . . do not establish legal prejudice." *Real Estate Disposition Corp. v. Nat'l Home Auction Corp.*, No. CV 08-00435 SJO (Ex), 2009 WL 764529, at *2 (C.D. Cal. Mar. 19, 2009). This applies with equal force to Plaintiff as it does to Defendant.