UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GDS INDUSTRIES, INC., A California Corporation,<br><br>                              Plaintiff,<br><br>v.<br><br>GREAT AMERICAN INSURANCE COMPANY, A Surety; DOES 1 through 100,<br><br>                              Defendant. | Case No.: 16-CV-1506-AJB-BLM<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION FOR ATTORNEY'S FEES AND COSTS**<br><br>(Doc. No. 20) |

Presently before the Court is Defendant Great American Insurance Co.'s ("Defendant") motion to be deemed the prevailing party and for attorney's fees and costs. (Doc. No. 20.) Plaintiff GDS Industries, Inc. ("Plaintiff") opposes the motion. (Doc. No. 22.) Having reviewed the parties' moving papers and controlling legal authority, and pursuant to Local Civil Rule 7.1.d.1, the Court finds the matter suitable for decision on the papers and without oral argument. For the reasons set forth below, the Court **GRANTS IN PART** Defendant's motion and **AWARDS** Defendant $41,209 in attorney's fees.

1

## BACKGROUND

This dispute arises from nonpayment for materials, equipment, and services Plaintiff rendered to nonparty Rodeway Engineering Works, Inc. ("Rodeway"). (Doc. No. 1-2 ¶¶ 8–13, 18.)[1][2] Defendant is a surety company that duly made, executed, and filed a payment and performance bond whereby Defendant guaranteed to pay in the event Rodeway failed to do so. (*Id.* ¶¶ 20–21.) Plaintiff submitted a formal bond claim to Defendant on February 9, 2016, which Defendant ultimately denied on April 7, 2016, for being time barred. (*Id.* ¶ 23.)

Plaintiff instituted this lawsuit in San Diego Superior Court on May 10, 2016. (Doc. No. 1 ¶ 1; *see* Doc. No. 1-2.) On June 8 and 14, 2016, Defendant informed Plaintiff in writing that its claim is time barred. (Doc. No. 20-2 ¶¶ 6–7; *see id.* at 13–14, 17–18.) Plaintiff did not respond to these letters; accordingly, on June 15, 2016, Defendant answered the complaint in state court. (Doc. No. 1 ¶ 3; *see* Doc. No. 1-4.) Defendant subsequently removed the action to this Court the following day. (Doc. No. 1.)

On July 8, 2016, the parties filed a joint discovery plan. (Doc. No. 6.) Following an early neutral evaluation conference ("ENE"), on July 21, 2016, Magistrate Judge Major issued a scheduling order that set a deadline for fact discovery to be completed by February 17, 2017, and dispositive motions to be filed by March 20, 2017. (Doc. No. 10.)

On August 5 and 30, 2016, Defendant informed Plaintiff of its intent to file a motion for summary judgment at the end of August. (Doc. No. 20-2 ¶ 8; *see id.* at 30.) On September 20, 2016, Defendant reserved a motion hearing date for the motion, which was calendared for December 29, 2016. (Doc. No. 20 ¶ 8.) That same day, Plaintiff informed Defendant that Plaintiff intended to file a motion for voluntary dismissal. (Doc. No. 20-2

---

[1] Rodeway is not a party to this action because it has declared bankruptcy. (Doc. No. 1-2 ¶ 2; Doc. No. 12-1 at 1.)

[2] The Court cites to the blue CM/ECF-generated document and page numbers located at the top of each page.

¶ 9.) As such, Defendant took its motion for summary judgment off calendar. (*Id.*) Defendant agreed to stipulate to a voluntary dismissal if Plaintiff reimbursed Defendant in the amount of $29,686 for attorney's fees and costs and $1605.58 in recoverable costs. (Doc. No. 20-2 at 32.) Plaintiff did not respond to this request for reimbursement but instead filed its motion for voluntary dismissal on September 22, 2016. (Doc. No. 20-2 ¶ 9; Doc. No. 12.)

The parties fully briefed Plaintiff's motion for voluntary dismissal. (Doc. Nos. 14, 15.) After considering the parties' respective positions, the Court dismissed the case with prejudice. (Doc. No. 19.) The Court declined to condition the dismissal on an award of attorney's fees to Defendant, but permitted Defendant to brief the issue of prevailing party status and the propriety of an attorney's fee award under California Civil Code section 9564. (*Id.* at 5–6 & n.4.) Defendant accepted the Court's invitation and filed the instant motion to be deemed prevailing party and for an award of attorney's fees on December 13, 2016. (Doc. No. 20.) The parties fully briefed the motion. (Doc. Nos. 22, 23.) This order follows.

## **LEGAL STANDARD**

In the absence of a rule, statute, or contract authorizing the award, each party must bear its own attorney's fees. *Sheet Metal Workers' Int'l Ass'n Local Union No. 359 v. Madison Indus., Inc.*, 84 F.3d 1186, 1192 (9th Cir. 1996). When there is no federal statute or rule on point, Federal Rule of Civil Procedure 54(d)(2) establishes a procedure for claiming a right to an award of attorney's fees. Rule 54(d)(2) requires an independent source of authority for awarding attorney's fees. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975); *Travelers Indem. Co. v. Arena Group 2000, L.P.*, No. 05-CV-1435 JLS (CAB), 2008 WL 696932, at *2 (S.D. Cal. March 13, 2008).

In looking for such an independent source of authority, a federal court sitting in diversity must apply state law in denying or granting those fees because the decision to award fees reflects a substantial policy of the state. *Id.* at 259 n.31; *see Sioux Cnty. v. Nat'l Sur. Co.*, 276 U.S. 238, 243 (1928) (explaining that when state policy allows for recovery

of attorney's fees, removal to federal court cannot thwart that policy).

**DISCUSSION**

Defendant brings its claim for attorney's fees and costs pursuant to California Civil Code section 9564. (Doc. No. 20-1 at 2.) Section 9564[3] governs actions seeking to enforce liability of a surety on a payment bond. Cal. Civ. Code § 9564(a), (b). It provides, in pertinent part, "In an action to enforce the liability on the bond, the court shall award the prevailing party a reasonable attorney's fee." *Id.* § 9564(c).

Defendant asserts it is entitled to an award of attorney's fees because it is the prevailing party. (Doc. No. 20-1 at 5–6.) Accordingly, Defendant argues that section 9564 mandates that it be awarded its reasonable attorney's fees. (*Id.* at 7–8.) Defendant finally contends that its request of $43,818 in attorney's fees and $891.50 in costs is reasonable. (*Id.* at 11; Doc. No. 23 at 11.)[4]

**I.    *Attorney's Fees Under Section 9564***

**A.    Defendant is the Prevailing Party.**

Defendant argues it is the prevailing party within the meaning of section 9564 and thus entitled to a fee award. (Doc. No. 20-1 at 5–6.) Plaintiff asserts that Defendant is not a true prevailing party because the dismissal resulted from Plaintiff's own motion. (Doc. No. 22 at 4.) Plaintiff further contends that Defendant should not be awarded attorney's fees because a fee award generally does not follow a voluntary dismissal. (*Id.* at 3–4.)[5]

---

[3] All references to "section" are to the California Civil Code.
[4] Defendant seeks $40,308 for its work up to and including the motion for attorney's fees, plus an additional $3510 for the work performed in replying to Plaintiff's opposition. (Doc. No. 20-1 at 11; Doc. No. 23 at 11.)
[5] In an apparent attempt to circumvent the page limit, Defendant's reply includes footnotes typed in 8-point font. Given that the Local Rules clearly require briefs to be typed in 14-point font, the Court will not consider any arguments contained in the footnotes. CivLR 5.1.a ("Printed text, produced on a word processor or other computer, may be proportionally spaced allowing 28 lines on one side of the document, provided the type is no smaller than 14-point standard font (e.g. Times New Roman). The text of footnotes and quotations must also conform to these font requirements.").

Section 9564 mandates that "the court shall award the prevailing party a reasonable attorney's fee." Cal. Civ. Code § 9564(c). The section does not define "prevailing party." In the absence of a definition, California courts take a pragmatic approach, looking at "the extent to which each party has realized its litigation objectives, whether by judgment, settlement, or otherwise." *Santisas v. Goodin*, 17 Cal. 4th 599, 622 (1998) (citing *Hsu v. Abbara*, 9 Cal. 4th 863, 877 (1995)).

When California state law is applied, Defendant is the prevailing party. The California Supreme Court's decision in *Santisas v. Goodin* is dispositive. There, the plaintiffs sued the defendants for various tort and contract claims arising out of the plaintiffs' purchase of a home, a purchase in which each defendant played a role. *Id.* at 603. After discovery proceedings, including depositions of some of the parties, the plaintiffs voluntarily dismissed their complaint with prejudice. *Id.* at 603–04. The defendants thereafter sought an award of attorney's fees pursuant to the fee provision contained in the sales agreement, which read, "In the event legal action is instituted by the Broker(s), or any party to this agreement, or arising out of the execution of this agreement or the sale, or to collect commissions, the prevailing party shall be entitled to receive from the other party a reasonable attorney fee to be determined by the court in which such action is brought." *Id.* at 604, 607.

The plaintiffs asserted section 1717 barred the defendants from recovering any attorney's fees. *Id.* at 607–08. That section, which governs fee awards for claims sounding in contract, provides, "Where an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party for purposes of this section." Cal. Civ. Code § 1717(b)(2).

The California Supreme Court disagreed. In construing the term "prevailing party" as used in the sales agreement, the court found that the defendants fell within its ordinary, popular understanding:

> Giving the term "prevailing party" its ordinary or popular sense, the [] defendants are the prevailing parties in this litigation. Plaintiffs' objective in

> bringing this litigation was to obtain the relief requested in the complaint. The objective of the [] defendants in this litigation was to prevent plaintiffs from obtaining that relief. Because the litigation terminated in voluntary dismissal with prejudice, plaintiffs did not obtain by judgment any of the relief they requested, nor does it appear that plaintiffs obtained this relief by another means, such as a settlement. Therefore, plaintiffs failed in their litigation objective and the [] defendants succeeded in theirs. Giving the term "prevailing party" its ordinary or popular meaning, the [] defendants are the "prevailing part[ies]" under their agreement with plaintiffs[.]

*Id.* at 609. Accordingly, the court held that the defendants, as the prevailing parties, were entitled to recover their attorney's fees incurred in defending the tort claim pursuant to the fee provision in the sales agreement. *Id.* at 622. To the extent they sought recovery of the fees incurred in defending the contract claim, however, the court found section 1717 applied to bar recovery of those fees. *Id.* at 622–23.

None of Plaintiff's arguments require a contrary conclusion. First, Plaintiff's attempt to distinguish the authorities relied upon by Defendant—asserting they are inapplicable because they involve fee-shifting statutes other than section 9564—falls flat. "Prevailing party" is not a phrase unique to section 9564. "When legislation has been judicially construed and subsequent statutes on a similar subject use identical or substantially similar language, the usual presumption is that the Legislature intended the same construction, unless a contrary intent clearly appears." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1135 (2001). As such, the California courts' interpretation of this phrase, regardless of the particular fee-shifting statute at issue, guides the Court's assessment in this case. *See Winick Corp. v. Safeco Ins. Co.*, 187 Cal. App. 3d 1502, 1507 (1986) (looking beyond the statute at issue to the way "'prevailing party' has been defined in other contexts").

Nor does *Winick* undercut Defendant's position. The parties' relationship in that case is similar to this case: the plaintiff, Winick, was a subcontractor on a public works project, and the defendant, Safeco, was a surety company that issued a payment bond to a general contractor who failed to pay Winick. *Id.* at 1504. However, unlike Plaintiff here, Winick acted poorly, suing everyone involved and failing to serve Safeco in three years. *Id.* at

1504–05. Safeco successfully moved to dismiss the action for Winick's failure to serve it. *Id.* at 1505. However, the court's rationale did not turn on Winick's conduct or the fact that the dismissal resulted from Safeco's motion. Instead, the court took a pragmatic approach and found Safeco prevailed for purposes of a fee award under section 9564's predecessor statute:

> [W]e first note what [Safeco] obtained was a dismissal *with prejudice* which has the effect of a final judgment. This achieved one hundred percent of the "precise factual/legal condition" Safeco "sought to change or affect." The most Safeco—or any other civil defendant—ordinarily can hope to achieve is to have the plaintiff's claim thrown out completely. This is exactly what happened here. In "pragmatic" terms, it does not make any difference whether this total victory comes only after a jury reaches a verdict as to each and every substantive issue or whether, as here, it comes through a judge's decision the plaintiff waited too long to serve its complaint on the defendant. In any practical sense of the word, the defendant "prevailed."

*Id.* at 1508 (citations omitted).

Similarly inapposite is *Smoot v. Fox*, 353 F.2d 830 (6th Cir. 1965). First, as a court sitting in diversity, this Court is required to follow California state law in determining the propriety of an attorney's fee award. Second, *Smoot* is so factually and legally disparate from this case that it provides no useful instruction. In that case, the Sixth Circuit held the defendant's attempt to turn a hearing on the propriety of a court-costs award into a bench trial on the merits of a libel case the plaintiff dismissed with prejudice would impede the plaintiff's right to a jury trial. *Id.* at 833. The Sixth Circuit held the district court had no discretion to entertain an award of attorney's fees in an action at law. *Id.* at 832. In so holding, the Sixth Circuit observed that "[a]ttorney's fees are [] allowable *where they are specifically authorized by statute* or provided for by agreement between the parties." *Id.* (emphasis added). Given that section 9564 specifically mandates an attorney's fee award to the prevailing party, *Smoot* does not help Plaintiff.

Plaintiff finally asserts that section 9564 should be read in light of section 1717, which provides that there is no prevailing party when a plaintiff has voluntarily dismissed its claim sounding in contract. (Doc. No. 22 at 6.) Plaintiff argues that because a surety

bond is a type of contract, section 1717 applies to bar recovery here. (*Id.*) The Court finds Plaintiff's argument untenable. That a surety bond is a type of contract does not bring Plaintiff's claim within the meaning of section 1717. It is axiomatic that where both a specific statute and a general statute are applicable, the specific statute controls. *Rose v. State*, 19 Cal. 2d 713, 723–24 (1942); *see Polonio v. United States*, 131 F.2d 679, 682 (9th Cir. 1942). Under this well-established rule of statutory construction, the statute that deals with surety bonds specifically controls, not the statute that deals with contracts generally.

To the extent section 9564 is irreconcilable with section 1717, the former is aptly construed as an exception to the latter. *Rose*, 19 Cal. 2d at 723–24. This interpretation is consistent with section 1717's plain language: "Where an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party *for purposes of this section*." Cal. Civ. Code § 1717(b)(2) (emphasis added); *see Parrott v. Mooring Townhomes Ass'n, Inc.*, 112 Cal. App. 4th 873, 879 (2003) ("Appellants also argue that applying Civil Code section 1354, subdivision (f), but not section 1717(b)(2), violates the rule that statutes which relate to the same subject matter should be harmonized to give effect to both. We disagree. Section 1717(b)(2) deals only with attorney fee provisions in contracts and limits the 'prevailing party' specifically 'for purposes of this section.'").

Second, Defendant's claim for attorney's fees falls outside section 1717's scope. Not only must a cause of action sound in contract to invoke section 1717, but it must also be "based on a contract containing an attorney fee provision . . . ." *Santisas*, 17 Cal. 4th at 617. Defendant's claim does not depend on the existence of a contractual provision that permits attorney's fees. Defendant invokes section 9564 itself. As such, section 1717 is inapplicable. In other words, "[e]ven if section 1717 were applicable here"—which it is not—section 1717(b)(2) "'does not bar a fee award where the prevailing party's right to recover fees arises under a fee-shifting statute.'" *Khavarian Enters., Inc. v. Commline, Inc.*, 216 Cal. App. 4th 310, 323 (2013) (quoting *Kim v. Euromotors W./The Auto Gallery*, 149

Cal. App. 4th 170, 178 (2007)); *see Parrott*, 112 Cal. App. 4th at 879–80 (same); *Damian v. Tamondong*, 65 Cal. App. 4th 1115, 1124 (1998) (same).

Like the defendants in *Winick* and *Santisas*, Defendant here obtained a complete victory: a dismissal of Plaintiff's claims against it with prejudice. It makes no difference under California law that this resulted from successfully opposing Plaintiff's motion to voluntary dismiss the action. As such, the Court finds that Defendant is the prevailing party.

### B. Section 9564 Requires an Award of Attorney's Fees to Defendant.

Given the Court's conclusion that Defendant is the prevailing party, section 9564 mandates that the Court award Defendant its reasonable attorney's fees. Cal. Civ. Code § 9564(c); *Winick Corp.*, 187 Cal. App. 3d at 1506 ("[S]ection 3250 is different from many fee shifting statutes in *requiring* rather than permitting the trial court to award attorney fees to the prevailing party. That is, it provides 'the court shall' not 'the court may' award fees.").[6] Plaintiff nonetheless asserts the Court has discretion to not award Defendant its attorney's fees because fee awards typically do not follow a plaintiff's voluntary dismissal, and Plaintiff would have been able to voluntarily dismiss its case had Defendant not removed the case to federal court. (Doc. No. 22 at 3–6.)

Plaintiff's arguments do not bar a fee award under section 9564. Attorney's fees are generally not awarded as a condition of granting a plaintiff's Rule 41(a)(2) dismissal where the dismissal is with prejudice. *Gonzalez v. Proctor & Gamble Co.*, No. 06cv869 WQH (WMc), 2008 WL 612746, at *3 (S.D. Cal. Mar. 4, 2008). However, Defendant does not seek the award as a condition of dismissing the action; rather, it seeks its fees under section 9564. Accordingly, the authorities upon which Plaintiff relies do not instruct on the propriety of a fee award in the instant matter.

Plaintiff's assertion that it could have voluntarily dismissed this action had it remained in state court likewise does not bar consideration of Defendant's motion. The

---

[6] Section 3250 was subsequently renumbered as section 9564. *Nissho, Inc. v. Bond Safeguard Ins. Co.*, 220 Cal. App. 4th 974, 989–90 (2013).

California Supreme Court in *Santisas* determined the defendants were entitled to an award of attorney's fees where their victory resulted from the plaintiffs' pretrial voluntary dismissal of their claims. 17 Cal. 4th at 603–04, 622. As such, Defendant cannot be attributed some nefarious motive by invoking its statutory right to a federal forum.

For these reasons, the Court "shall" award Defendant, as the prevailing party, its reasonable attorney's fees pursuant to section 9564.

### C. An Award of $41,209 is Reasonable.

Defendant asks the Court to award it $43,818 in attorney's fees. (Doc. No. 20-1 at 10; Doc. No. 23 at 11.) Plaintiff contends this fee request is outrageous given that the lawsuit was filed a mere four months before Plaintiff sought to voluntarily dismiss the action. (Doc. No. 22 at 6–7.)[7]

Under California law, the trial court has discretion to determine what constitutes reasonable attorney's fees. *PLCM Grp. v. Drexler*, 22 Cal. 4th 1084, 1096 (2000). "[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate." *Ctr. For Biological Diversity v. Cnty. of San Bernardino*, 188 Cal. App. 4th 603, 616 (2010). "California courts have consistently held that a computation of time spent on a case and the reasonable value

---

[7] Plaintiff also objects to Defendant's affidavits and time records on hearsay and best evidence grounds. (Doc. No. 22-2.) The Court **OVERRULES** Plaintiff's objections. First, pursuant to the undersigned's Civil Case Procedures, Plaintiff's objections should have not been filed as a document separate from its opposition. Second, "an award of attorney fees may be based on counsel's declarations, without production of detailed time records." *Raining Data Corp. v. Barrenechea*, 175 Cal. App. 4th 1363, 1375 (2009). Finally, to the extent the Court relies on the time records, they squarely fall within the business records exception to the hearsay rule. Buchanan states she is familiar with her firm's billing practices, and it is the custom and practice of the firm's attorneys and paralegals to "contemporaneously keep time records on a daily basis." (Doc. No. 23-2 ¶¶ 3–4.) Any deficiencies with the evidence accompanying Defendant's motion were cured by Buchanan's reply declaration. *Antoninetti v. Chipotle Mexican Grill, Inc.*, 49 F. Supp. 3d 710, 717 (S.D. Cal. 2014) (citing *Davis v. City of San Francisco*, 976 F.2d 1536, 1542 (9th Cir. 1992)).

of that time is fundamental to a determination of an appropriate attorney's fee award." *Id.* "Generally, the reasonable hourly rate used for the lodestar calculation 'is that prevailing in the community for similar work.'" *Id.* (quoting *PLCM Grp.*, 22 Cal. 4th at 1095). After determining the reasonable hourly rate for comparable legal services in the community, courts may adjust that amount based on "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award." *Ketchum*, 24 Cal. 4th at 1132. "The purpose of such adjustment is to fix a fee at the fair market value for the particular action." *Id.* "The 'burden is on the party seeking attorney fees to prove that the fees it seeks are reasonable.'" *Ctr. For Biological Diversity*, 188 Cal. App. 4th at 615 (quoting *Gorman v. Tassajara Dev. Corp.*, 178 Cal. App. 4th 44, 98 (2009)).

Utilizing the lodestar method, Defendant requests $43,818 in attorney's fees. (Doc. No. 20-1 at 11; Doc. No. 23 at 11.) As support for the requested amount, Defendant provided declarations from Colin McCarthy, Kelly Sloan, and Natasha Buchanan. McCarthy is a principal in the firm Lanak & Hanna, P.C., attorneys of record for Defendant. (Doc. No. 20-2 ¶ 1.) McCarthy attests to billing $350 per hour in working on this case and that such rate, as well as the rates billed by the other attorneys on the case, are reasonable in the Orange County community for matters of this nature. (*Id.* ¶¶ 4–5.) Sloan and Buchanan each attest to billing $270 per hour. (Doc. No. 20-3 ¶ 4; Doc. No. 20-4 ¶ 4.) Each attorney attests to his or her background and experience, and McCarthy attests to that of paralegal Sara Stow. (Doc. No. 20-2 ¶ 14.) Having reviewed Defendant's motion, the accompanying declarations, the qualifications of the billing individuals, and in light of this Court's own experience, the Court finds the hourly rates that Defendant requests as to McCarthy, Sloan, Buchanan, and Stow are reasonable.

In reviewing the time records, the Court notes Francis J. Lanak billed 2.4 hours at the rate of $350. (Doc. No. 20-1 at 10.) None of the declarations provided Lanak's background and experience to justify the requested rate. Because Defendant has failed to

carry its burden of establishing the reasonableness of Lanak's hourly rate, the Court will not award Defendant attorney's fees as to his hours totaling $840.[8]

The Court finds that the vast majority of the hours expended were reasonable and necessary. A review of the docket reveals that following removal, Defendant actively litigated this case: Defendant participated in an ENE and drafting and filing a joint discovery plan. (Doc. Nos. 6, 9.) When the case did not settle at the ENE, it subpoenaed and reviewed documents from Cal Trans and others to determine whether this action was time barred, propounded discovery, and researched and drafted a motion for summary judgment. (Doc. No. 20-3 at 5–14; Doc. No. 23 at 7; *see* Doc. No. 20-2.)

Plaintiff contends that defense counsel's efforts were simply aimed at raising Defendant's bill. (Doc. No. 22 at 7–8.) Having reviewed the detailed time records presented, the Court cannot agree with Plaintiff's assessment. The records illustrate a case that was vigorously defended from the outset, which is in keeping with this district's policy of moving cases quickly consistent with Federal Rule of Civil Procedure 16. While only four months elapsed from the time the complaint was filed until Plaintiff sought to dismiss the action, those four months consisted of an ENE, Rule 26 disclosures, and a nearly complete motion for summary judgment. In a commercial case such as this, these efforts were not uncalled for or unheard of.

Nonetheless, Plaintiff asks the Court to cut Stow's hours as unreasonable because she is "an admin" and did not file a declaration. (Doc. No. 22 at 9.) Stow billed 14 hours at an hourly rate of $150. (*See* Doc. No. 20-2 at 5–11.) The Court will not cut Stow's hours on the basis of her position as a paralegal. It can hardly be disputed that paralegals are necessary to the functioning of any law firm and their hours are properly included in a fee award. *See, e.g.*, *Syers Props. III, Inc. v. Rankin*, 226 Cal. App. 4th 691, 695 n.1, 703 (2014) (affirming order granting motion for attorney's fees that included fees for paralegals who,

---

[8] Defendant's moving papers state Lanak is a named principal of the firm with 46 years of experience. (Dc. No. 20-1 at 10.) Moving papers, however, are not evidence.

*inter alia,* "perform[ed] tasks consisting of managing the document flow of the litigation"). There was a *de minimus* duplication of efforts where Stow and Buchanan both received and reviewed the Court's order dismissing this case. As such, the Court will cut the 0.1 hours comprising Stow's review totaling $15. (Doc. No. 20-2 at 11.)

Plaintiff also asks the Court to cut Buchanan's hours because "opposing a dismissal is the paramount of unreasonableness[.]" (Doc. No. 22 at 9.) The Court cannot agree with this proposition. Plaintiff sought a stipulation to dismiss this action with prejudice in exchange for a nuisance payment. (Doc. No. 22-1 at 28.) When Defendant rejected that offer, Plaintiff sought a dismissal with prejudice with each side to bear its own fees. (*Id.*) At that point in the litigation, Defendant had already expended in excess of $30,000 in attorney's fees defending against what it maintained was a time barred claim from the outset. (Doc. No. 20-2 at 5–11, 32.) On these facts, and given that Defendant's opposition to Plaintiff's motion to dismiss resulted in the case's current posture, the Court does not agree with Plaintiff's characterization of Buchanan's efforts.

The Court notes Buchanan spent 1.5 hours responding to Plaintiff's evidentiary objections. (Doc. No. 23-2 ¶ 8.) However, that response violates the Court's Civil Case Procedures, which requires that objections be set forth in the party's opposition or reply. Because the response is subject to being stricken for Defendant's failure to comply with the undersigned's Civil Case Procedures, the Court will reduce Buchanan's time by 1.5 hours totaling $405.

Plaintiff urges the Court to cut McCarthy's hours as "exorbitant," but points to no particular tasks or entries. (Doc. No. 22 at 9.) McCarthy billed a mere 45.9 hours over the course of the litigation, (Doc. No. 20-2 ¶ 4), and, as noted above, McCarthy's hourly rate is reasonable. As such, the Court does not find McCarthy's hours to be exorbitant.

Plaintiff asserts Sloan's hours should be cut because "the entire [motion for summary judgment] was illusory[,]" contending such a motion was clearly premature. (Doc. No. 22 at 8–9.) Given the nature of the defense Defendant was prepared to offer (that the claims are time barred), Plaintiff's own admission that documents in Cal Trans' possession

severely weakened Plaintiff's position on the timeliness issue, (Doc. No. 22-1 ¶ 5), and that Defendant had already answered the complaint, a scheduling order had issued, and discovery was underway, the Court cannot say the motion for summary judgment was premature. *Cf. Turner v. Cnty. of San Diego*, No. 14-cv-2003-JAH (JLB), 2016 WL 6804998, at *6 (S.D. Cal. Oct. 3, 2016) (noting that courts often find pre-answer and pre-discovery summary judgment motions to be premature and collecting authorities).

However, the Court finds that time spent on the summary judgment motion following Plaintiff's efforts to settle and dismiss this action was unreasonable. Plaintiff first relayed this intent to Defendant on August 30, 2016. (Doc. 22 at 7; Doc. No. 22-1 at 4 ¶ 12, 25.) A review of the time records reveals very little time spent on the summary judgment motion after that point. Specifically, there are only seven entries related to finalizing the motion totaling 5.1 hours and $1349. (Doc. No. 20-2 at 10.) In light of Plaintiff's willingness to settle the case, the Court finds these efforts were unreasonable and unnecessary and will be stricken from the award.

Finally, Plaintiff argues that Defendant's escalating fee request demonstrates that defense counsel merely seeks to pad the bill. (Doc. No. 22 at 7.) Not so. California law permits the recovery of fees incurred to "establish and defend the fee claim." *Serrano v. Unruh*, 32 Cal. 3d 621, 638–39 (1982); *see Ketchum*, 24 Cal. 4th at 1133, 1141 ("absent circumstances rendering the award unjust, an attorney fee award should ordinarily include compensation for *all* the hours *reasonably spent,* including those relating solely to the fee" (emphasis in original)).

In sum, the Court has reviewed the declarations of the principal attorneys and the detailed time records provided. The Court finds the hourly rates for McCarthy, Sloan, Buchanan, and Stow are reasonable. The Court further finds that the vast majority of hours expended were reasonable and necessary to obtaining the dismissal with prejudice. As such, the Court **GRANTS IN PART** Defendant's motion and **AWARDS** Defendant $41,209 in attorney's fees. The Court **DENIES IN PART** Defendant's motion as to Lanak's hours ($840), Stow's duplicative efforts ($15), Buchanan's work on the response

to Plaintiff's objections ($405), and the work done on the summary judgment motion after August 30, 2016 ($1349).

## II.  Bill of Costs

Defendant also asks the Court to award Defendant its costs of $891.50. (Doc. No. 20-1 at 11; Doc. No. 23 at 11; *see* Doc. No. 20-5.) Pursuant to Local Civil Rule 54.1(a), Defendant was required to submit its bill of costs to the Clerk of Court, not the Court: "Unless otherwise ordered by the court, or stipulated by the parties, the prevailing party is entitled to costs. Within fourteen (14) days after entry of judgment, the party in whose favor a judgment for costs is awarded or allowed by law, and who claims costs, must file with the clerk the bill of costs, together with a notice of when the clerk will hear the application." It is only after the Clerk has taxed costs that the Court reviews the taxation. CivLR 54.1(h). As such, the Court **DENIES** Defendant's request for costs **WITHOUT PREJUDICE** to Defendant filing its bill of costs with the Clerk of Court. The Court does not opine on such a filing's timeliness should Defendant choose to do so.

### CONCLUSION

The Court recognizes that Plaintiff instituted this lawsuit in good faith, believing it still had time to seek redress for the over $600,000 loss it has taken by dealing with Rodeway. However, the law is clear that once Defendant "qualifies as a 'prevailing party' it has a legal right to reasonable attorney fees no matter how the trial judge [] might feel about whether equity or public policy are served by shifting fees in this particular case." *Winick Corp.*, 187 Cal. App. 3d at 1506. Accordingly, for the reasons set forth above, the Court **GRANTS IN PART** Defendant's motion to be deemed the prevailing party and for attorney's fees and **AWARDS** Defendant $41,209 in attorney's fees. (Doc. No. 20.)

**IT IS SO ORDERED.**

Dated:  June 2, 2017

Hon. Anthony J. Battaglia
United States District Judge